# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **STATE FARM FIRE & CASUALTY COMPANY, an Illinois Corporation,**<br><br>Plaintiff,<br><br>v.<br><br>**LIANG ZANG a/k/a KEVIN ZANG; and ASHLING BOWEN,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-00667-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Liang Zang a/k/a Kevin Zang's ("Mr. Zang") motion for an order staying this action.[2] Plaintiff State Farm Fire & Casualty Company ("State Farm') filed a memorandum in partial opposition to the motion to stay.[3] Under DUCivR 7-1(g), the court concludes that oral argument is unnecessary and decides the motion on the written memoranda. Based upon the analysis set forth below, the court denies Mr. Zang's motion to stay.

## BACKGROUND

State Farm filed a complaint seeking a declaratory judgment that State Farm has neither a duty to defend nor indemnify Mr. Zang in a state court action ("State Civil Action") that Ashling

---

[1] ECF No. 3.

[2] ECF No. 14.

[3] ECF No. 19.

Bowen ("Ms. Bowen") filed against Mr. Zang.[4] In that action,[5] Ms. Bowen seeks to recover damages arising out of an incident where Mr. Zang allegedly sexually assaulted Ms. Bowen at his massage therapy business, Asian Health Center LLC ("Asian Health").[6] Asian Health is the named insured under the State Farm policy ("Policy").[7] The State of Utah has also criminally charged Mr. Zang for the same conduct that Ms. Bowen alleges ("State Criminal Action").[8]

The State Civil Action has been stayed pending resolution of the State Criminal Action against Mr. Zang.[9] Mr. Zang now argues that the instant declaratory action should also be stayed until at least the conclusion of the State Criminal Action and, alternatively, until the resolution of the State Civil Action.[10] Mr. Zang asserts that this case should be stayed because this court cannot determine as a matter of law whether State Farm has a duty to indemnify Mr. Zang until the State Civil Action is resolved and, as noted above, that case is stayed until the State Criminal Action is resolved.[11]

Based upon the analysis set forth below, the court finds that although the court cannot determine whether State Farm has a duty to *indemnify* Mr. Zang while the State Civil Action is stayed, this court can and should determine whether State Farm has a duty to *defend* Mr. Zang before the resolution of the State Civil Action. Therefore, the court denies Mr. Zang's request to

---

[4] ECF No. 2 at 2.

[5] *Bowing v. Zang*, No. 230700898, Third Judicial District Court of Salt Lake County, Utah ("State Civil Action")

[6] ECF No. 2 at 2.

[7] *Id.* at 1.

[8] *State v. Zang*, No. 221912207, Third Judicial District Court of Salt Lake County, Utah ("State Criminal Action").

[9] ECF No. 2 at 3; ECF No. 2-2.

[10] ECF No. 14 at 2.

[11] *Id.* at 3.

stay this action so that a declaratory judgment on the issue of State Farm's duty to defend Mr. Zang may be determined without undue delay.

## ANALYSIS

**I.        The Court Denies Mr. Zang's Motion to Stay This Action.**

The court denies Mr. Zang's motion to stay this declaratory action until after the State Civil Action is resolved because this court can and should promptly determine State Farm's duty to defend Mr. Zang without any factual or legal findings from the State Civil Action. The United States Court of Appeals for the Tenth Circuit outlines five factors courts should consider when determining whether to hear a declaratory action:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.[12]

The five *Mhoon* factors weigh in favor of allowing this action to proceed.

As to the first two factors, State Farm's duty to defend Mr. Zang in the State Civil Action can be determined by comparing the language in the Policy with allegations in the underlying complaint, which obviates the need for facts outside of this textual analysis. The comparison of these two documents is also known as an "eight-corners" analysis.[13] An "eight-corners" analysis is appropriate to determine a duty to defend because an insurer's duty to defend is separate and

---

[12] *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (internal quotations omitted).

[13] *Aspen Specialty Ins. Co. v. Utah Local Gov't Trust*, 954 F. Supp. 2d 1311, 1319 (D. Utah June 19, 2013).

distinct in both time and scope from an insurer's duty to indemnify.[14] The duty to *defend* arises when the claim is first asserted against the insured and requires the court to compare the language of the insurance policy and the allegations in the complaint filed against the insured.[15] Although the duty to defend arises when the claim or suit initiates, the duty to indemnify is determined only when the true scope of the insured's liability has been adjudicated.[16] For this reason, a declaration of the duty to defend is appropriate earlier than a declaration of the duty to indemnify.[17] When the terms of the insurance policy condition the duty to *defend* upon allegations contained on the face of the complaint, then evidence outside of the complaint's allegations is irrelevant to determine whether a duty to defend exists.[18] Conversely, when policy terms define the scope of the duty to defend in reference to something other than the allegations in the complaint, a court may look beyond the text of the complaint.[19]

      Here, a stay of this action pending the conclusion of the State Civil Action is unnecessary because the "eight-corners" analysis will determine State Farm's duty to defend Mr. Zang. In other words, the Policy predicates State Farm's duty to defend upon the allegations contained in the state court complaint, which means that this court does not need external facts to determine whether State Farm has a duty to defend Mr. Zang. Specifically, the Policy provides that State Farm "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury,' 'property damage' or 'personal and advertising injury,' to which this insurance does not

---

[14] *Id.* at 1315.
[15] *Id.* at 1315, 1319.
[16] *Id.* at 1315.
[17] *Id.* at 1316.
[18] *Id.* at 1319.
[19] *Id.* at 1319-1320.

4

apply."[20] The Policy excludes coverage for expected or intended "bodily injury" or "property damage"[21] as well as for "bodily injury" "property damage" or "personal and advertising injury" arising out of the rendering or failure to render any professional service or treatment, including treatment of any therapeutic services.[22] This language in the Policy shows that determining whether the State Civil Action falls within the Policy's exceptions is contingent upon the allegations in the complaint and not upon extrinsic evidence. Accordingly, the first and second *Mhoon* factors weigh in favor of denying the motion to stay because deciding this declaratory action now will settle the controversy of State Farm's duty to defend early on and will clarify the legal relationship between State Farm and Mr. Zang.

As to the third *Mhoon* factor, State Farm does not appear to be using the declaratory judgment remedy merely for the purpose of "procedural fencing." On the contrary, "[a]n insurance company's claim that it has no duty to defend in another action is the archetypal case for which a declaratory judgment is appropriate."[23]

Regarding factor four, a declaratory judgment in federal court will not be outcome-determinative for the state actions or vice-versa. There is no risk that the declaratory judgment will create inconsistent results in federal and state court because the issue of whether Mr. Zang engaged in the conduct alleged in the state criminal and civil actions is not relevant to the question of whether State Farm has a duty to defend Mr. Zang. Moreover, because the "eight-

---

[20] ECF No. 2 at 4 (Section II – Liability)

[21] *Id.* at 5 (Section II – Exclusions, Exclusion 1.a, b.).

[22] *Id.* (Section II – Exclusions, Exclusion 11.e.)

[23] *Mt. Airy Ins. Co. v. Greenbaum*, 127 F.3d 15, 17 n.1 (1st Cir. 1997).

corners" analysis will not require extrinsic evidence, Mr. Zang's concerns about testifying or producing discovery in this action while the state proceedings are pending are unfounded.[24]

Finally, as to the fifth factor, a declaratory judgment is the most effective remedy to determine Mr. Zang's coverage under the Policy, and there is a substantial interest in deciding State Farm's duty to defend without delay. Therefore, State Farm's duty to defend should be determined as soon as feasible and can be done so before the State Civil Action concludes. Accordingly, Mr. Zang's motion to stay[25] is DENIED.

IT IS SO ORDERED.

DATED this 16th day of January 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[24] ECF No. 14 at 6-8.
[25] ECF No. 14.